Civil No. 02-2360 (SEC/GAG)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GENERAL COUNCIL OF THE ASSEMBLIES OF GOD,**<br><br>Plaintiff,<br><br>v.<br><br>**FRATERNIDAD DE IGLESIA ASAMBLEA DE DIOS AUTONOMA HISPANA, INCORPORATED, et al.,**<br><br>Defendants. | Civil No. 02-2360 (SEC/GAG) |

**MEMORANDUM OPINION**

The issue here is whether the court can enforce a settlement agreement between the parties.  (Docket No. 140.)  The Honorable Salvador Casellas of the U.S. District Court for the District of Puerto Rico entered judgment pursuant to a settlement agreement several years ago.  The case was subsequently reassigned to the undersigned. (Docket No. 135.)  A dispute ensued over whether the terms of the settlement agreement were being followed.  (Docket No. 113.)  The parties asked the court to resolve that dispute because Judge Casellas entered judgment pursuant to the settlement agreement, which included a term stating that the court would retain enforcement jurisdiction.  (See Docket No. 108.)  The question the court must first answer is whether it has jurisdiction to enforce the settlement agreement.  It does not under First Circuit precedent, though the court has some concerns.  See F.A.C., Inc. v. Cooperativa de Seguros de Vida, 449 F.3d 185 (1st Cir. 2006) ("FAC").

1

**Civil No. 02-2360 (SEC/GAG)**

In FAC, the First Circuit considered whether the district court's original entry of judgment "pursuant to" a settlement agreement and amended entry of judgment "as per the terms of" a settlement agreement kept jurisdiction to enforce the agreement with the district court. The First Circuit found that the district court's original judgment did not call for retention of jurisdiction. That judgment stated, "All parties have come to a settlement agreement," and, "Pursuant to that agreement . . . ." the case is dismissed. Id. at 190. The First Circuit deemed this insufficient to retain jurisdiction because "the 'pursuant to' language [wa]s not enough to 'incorporate the terms' of the unwritten settlement agreement into the judgment." Id.

The district court, however, issued an amended judgment. Id. In that judgment, "the court set forth its understanding of the main terms of the settlement, proceeded to 'adjudicate' the dispute as to whether FAC had to dismiss its claims in the local-court action, 'ordered' that claims be dismissed, and gave some further directions before reentering the dismissal . . . ." Id. The First Circuit found that this was sufficient to retain jurisdiction.

The court based its assessment on the Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). The First Circuit interpreted Kokkonen to mean, "The federal court 'has' ancillary jurisdiction to enforce only if 'the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal" by 1) "separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or" 2) "by incorporating the terms of the settlement agreement in the order." Id. at 189-90. The first avenue is irrelevant because the court did not include a separate provision to retain jurisdiction, such as a clause stating "the court retains jurisdiction to enforce the settlement." Whether the court incorporated the terms of the settlement agreement in its judgment is for the court to determine today.

**Civil No. 02-2360 (SEC/GAG)**

The judgment states, "Pursuant to the parties' Settlement Agreement [and] Plaintiff's notice of voluntary dismissal . . . the above-captioned action against the Defendant is **DISMISSED WITH PREJUDICE.**" (Docket No. 108.)  This judgment strongly parallels the original judgment in FAC.  See 449 F.3d at 189-90.  If the "'pursuant to' language [was] not enough to incorporate the terms' of the" settlement agreement into the judgment in that case, the court sees no reason why the same result should not lie here.  Id.

The First Circuit outlined a framework for determining when the terms of a settlement agreement are incorporated into a judgment when it assessed the amended judgment.  Id.  If a court sets forth its understanding of the main terms of the settlement, proceeds to adjudicate the dispute, orders that claims are dismissed, and provides further directions before reentering dismissal, then that judgment incorporates the terms of the settlement agreement.  Id.  Such is not the case here.  Judge Casellas's judgment mirrors the original judgment in FAC, and styling a judgment in that manner denotes a district court judge's intention not to retain jurisdiction.

The court is duty-bound to follow First Circuit precedent and does so in this case.[1]  However, the undersigned respectfully raises a point of concern.  The court entered judgment "[p]ursuant to the parties' settlement agreement," which states, in relevant part, "The Court retains jurisdiction to enforce the terms and conditions of this agreement." (Docket No. 105-1 at 2.)  While the First Circuit interpreted Kokkonen to mean that the words "pursuant to the settlement agreement" in a judgment are insufficient to retain jurisdiction to enforce such agreement, the distinction between FAC and this case lies in the settlement agreements in the

---

[1] The court notes that the underlying dismissal was issued pursuant to Rule 41(a)(1)(A)(ii) and that dismissal in FAC was issued pursuant to Rule 41(a)(2).  Several circuits have followed the First Circuit's rationale when assessing "pursuant to" language under both Rules 41(a)(1) and 41(a)(2).  See In re Phar-Mor, Inc., 172 F.3d 270, 274-75 (3d Cir. 1999) ("The phrase 'pursuant to the terms of the settlement' fails to incorporate the terms of the Settlement Agreement into the order . . . .") (citing cases supporting similar or identical holdings from Second, Seventh, Eighth, and Ninth Circuits); see also Caudill v. North Am. Media Corp., 200 F.3d 914, 917 (6th Cir. 2000) (adopting holding that, "The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement . . . ." in case where Rule 41(a)(1)(A)(ii) was invoked).

**Civil No. 02-2360 (SEC/GAG)**

respective cases. Here, the parties' expressed intention was to keep jurisdiction in the federal court. That did not happen in FAC. The court then entered judgment "pursuant to" that agreement.

"Pursuant" means "in accordance with." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 4th ed. 1166. The court therefore entered judgment meant to be carried out in conformity with the settlement agreement.

The court reads FAC's interpretation of the "pursuant to" language as binding but notes that the First Circuit counseled, "Hard and fast rules may be unwise because of variations in language and context . . . ." FAC, 449 F.3d at 190. While the court believes that the context of the terms of the settlement agreement and judgment in this case merits retention of jurisdiction, FAC nonetheless makes clear that the terms are not to be considered because they are not incorporated: when a district court dismisses a case "pursuant to" a settlement agreement, such judgment does not incorporate the terms of the agreement. FAC, 449 F.3d at 190. This case is **DISMISSED**, as jurisdiction does not lie with the court. While it would perhaps be important for the First Circuit to review this matter on appeal, the quicker route is to file a new enforcement action.

SO ORDERED.

In San Juan, Puerto Rico this 1st day of April, 2014.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge